FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   AUG 27 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINDA KINDLE and MICHAEL BREWLEY,

                        Plaintiffs,

-against-

PETER DEJANA, *et al.*,

                        Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
14-CV-6784 (SJF)(ARL)

Before the Court is plaintiffs' objection [Docket Entry No. 80 (Plaintiffs' Objection to Magistrate Judge Lindsay's June 25, 2015 Order Regarding Motion to Compel ("Pl. Obj."))] to Magistrate Judge Arlene R. Lindsay's June 25, 2015 Order denying plaintiffs' motion to compel discovery. [Docket Entry No. 77 ("Order")]. For the reasons set forth below, plaintiffs' objection is overruled and the Order is affirmed in its entirety.

I.     BACKGROUND

Plaintiffs, former employees of participating employers in the Atrium Management Services, Inc. ("Atrium") Employee Stock Ownership Plan ("ESOP" or "Plan"), commenced this action alleging, *inter alia*, that plaintiffs "have been cheated out of their hard-earned retirement benefits as a result of violations of ERISA's fiduciary rules by defendants." [Docket Entry No. 72 (Class Action Second Amended Complaint ("Second Am. Compl.") ¶ 1)]. Plaintiffs allege that the December 2011 sale of the ESOP's Atrium stock to Atrium Funding LLC for about $4 million ("December 2011 ESOP transaction") was "far less than the Fair Market Value of the ESOP's Atrium stock." *Id.* ¶ 2. Plaintiffs allege that defendants Saddle Creek LLC and John Sipala ("Sipala Defendants"), who were retained as "Independent Temporary Trustee" in the December 2011 ESOP transaction, were not in fact independent due to their close relationship

with Robert S. Moran Jr., the attorney who negotiated the December 2011 ESOP Transaction on behalf of defendants Peter Dejana and Atrium Funding LLC. *Id.* ¶ 3. Plaintiff allege that the "improper relationship" between the Sipala Defendants and Mr. Moran "tainted the December 2011 ESOP transaction" (*id.* ¶ 4) and "created a conflict of interest and divided loyalties such that [Mr. Sipala] could not fulfill his ERISA fiduciary duty of loyalty to the ESOP." Pl. Obj., at 1.

On June 8, 2015, plaintiffs filed a renewed motion to compel disclosure from the Sipala Defendants, specifically requesting "an order directing the Sipala Defendants to produce: (1) all communications between the Sipala Defendants and Mr. Moran; (2) all documents concerning the relationship between the Sipala Defendants and Mr. Moran; and (3) all communications between the Sipala Defendants and the Dejana Defendants." [Docket Entry No. 73 ("Motion to Compel"), at 3]. On June 25, 2015, Magistrate Judge Lindsay denied the Motion to Compel, finding plaintiffs' requests were "overbroad," went "well beyond their stated intention to obtain information regarding the Sipala defendants' alleged conflict of interest" and "instead cast a wide net seeking extensive and irrelevant documentation concerning all communications between Mr. Sipala and Mr. Moran" Order, at 2. On July 9, 2015, plaintiffs filed their objection to the Order (Pl. Obj.), which the Sipala Defendants oppose. [Docket Entry No. 89].

II. DISCUSSION

A. Standard of Review

"A discovery ruling by a magistrate judge is a non-dispositive matter, and as such the Court will only set aside an order 'that is clearly erroneous or is contrary to law.'" *Gibbs v. Bank of Am. Corp.*, No. 10-civ-1778, 2011 WL 6009968, at *1 (E.D.N.Y. Nov. 28, 2011) (citing 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a)); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "A finding is clearly erroneous if the reviewing court

2

on the entire evidence is left with the definite and firm conviction that a mistake has been committed...[and]...[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Dorsett v. Cnty. of Nassau*, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013) (internal quotations marks and citations omitted). "This standard is highly deferential...and only permits reversal where the magistrate abused his discretion." *Knitting Fever, Inc. v. Coats Holding Ltd.*, No. 05-civ-1065, 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal citations omitted). Therefore, "a party seeking to overturn a discovery ruling [by a magistrate judge] generally bears a heavy burden." *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203-04 (E.D.N.Y. 2010) (internal citations omitted).

B.   Magistrate Judge Lindsay's Order Should be Affirmed

Plaintiffs request that the Order "be set aside because the court misapplied Supreme Court and Second Circuit law concerning the ERISA fiduciary duty of loyalty" (Pl. Obj., at 7), and that the "Order makes no reference to the ERISA fiduciary duty of loyalty." *Id.* Plaintiffs cite to cases generally discussing the ERISA fiduciary duty of loyalty which do not deal with obtaining discovery on matters extraneous to the transaction or event at issue and do not suggest any "relevant statutes, case law, or rules of procedure" (*Dorsett*, 800 F. Supp. 2d at 456) which Magistrate Judge Lindsay failed to apply or misapplied in ruling on plaintiffs' Motion to Compel, and thus, plaintiffs have not demonstrated that the Order was contrary to law.

Plaintiffs argue that Magistrate Judge Lindsay erred in ruling that their document requests regarding communications and business relationships between the Sipala Defendants and Mr. Moran were not relevant (Pl. Obj., at 9-12) because "the depth and extent of Defendant Sipala's business relationships with Mr. Moran has a direct bearing whether his conflicts of interest prevented him from acting with an 'eye single' to the interests of the ESOP's beneficiaries." *Id.*,

3

at 11. Plaintiffs argue they "are entitled to discovery as to the extent of Mr. Sipala's business relationships [sic] Mr. Moran" because "[i]f Mr. Sipala's business relationships with Mr. Moran are extensive, this would show that it was virtually impossible for Defendant Sipala to act with an eye single to the interests of the ESOP beneficiaries." *Id.*, at 10 (internal citations, quotations, and alterations omitted). However, the Order did not prevent plaintiffs from obtaining discovery on the extent of the relationship between Mr. Sipala and Mr. Moran and in fact, directed the parties to meet and confer "to tailor the requests to discover the outlines of any relationship between Messrs. Moran and Sipala" (Order, at 2) and noted that "much of the information plaintiffs seek is also readily obtainable through deposition testimony" (*id.*), as well as the Sipala Defendants' offer to "invite[] plaintiffs to serve five interrogatories in order to elicit information regarding the nature, extent and frequency of the interactions between the two gentleman." *Id.*, at 1. As plaintiffs state, they "are entitled to discovery as to the extent of Mr. Sipala's business relationship [sic] Mr. Moran" (Obj., at 10), and the Order allowed them to obtain such discovery, but prevented them from obtaining documents and communications regarding business transactions unrelated to the December 2011 ESOP Transaction in which both Mr. Sipala and Mr. Moran may have been involved, which relate more to the substance of those unrelated transactions than to the extent of the relationship between Messrs. Sipala and Moran. Plaintiffs have not demonstrated that the substance of these unrelated transactions, rather than the fact that Messrs. Sipala and Moran were both involved, is "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence" (Fed.R.Civ.P. 26(b)), and have not made "a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12-civ-368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citations omitted). The Court finds no clear error in Magistrate Judge Lindsay's

4

Order finding these request to be "overbroad" and not limited to the "Sipala defendants' alleged conflict of interest." Order, at 2.

III. CONCLUSION

Upon review of the Order and consideration of plaintiffs' objection and the Sipala Defendants' response thereto, I conclude that plaintiffs have not satisfied their heavy burden of showing that Magistrate Judge Lindsay's Order is clearly erroneous or contrary to law. Accordingly, plaintiffs' objections are overruled and the Order is affirmed in its entirety.

**SO ORDERED.**

s/ Sandra J. Feuerstein  
Sandra J. Feuerstein  
United States District Judge

Dated: August 27, 2015  
      Central Islip, New York