UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINDA J. KINDLE and MICHAEL BREWLEY,

                Plaintiffs,

                -against-                              **ORDER**
                                                            14-CV-6784 (SJF)(ARL)
PETER DEJANA, JOHN SIPALA, SADDLE
CREEK LLC, WILLIAM WYNPERLE, JR.,
ATRIUM MANAGEMENT SERVICES, INC.,
ADMINISTRATIVE COMMITTEE FOR
ATRIUM MANAGEMENT SERVICES, INC.
EMPLOYEE STOCK OWNERSHIP PLAN, [1]
ATRIUM FUNDING LLC and ATRIUM
MANAGEMENT SERVICES, INC. EMPLOYEE
STOCK OWNERSHIP PLAN,

                Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

      Plaintiff Michael Brewley ("plaintiff") was formerly employed by a participating employer in the Atrium Management Services, Inc. Employee Stock Ownership Plan (the "ESOP"). According to plaintiff[1] the participating employers are all owned and/or controlled by defendant Peter Dejana ("Dejana") and his family. Second Amended Complaint ("SAC"), ¶ 1, DE [72]. Plaintiff alleges that the ESOP's primary asset was its 100% ownership of the stock of defendant Atrium Management Services, Inc. ("Atrium"). He claims that defendants, who were fiduciaries, trustees, and parties in interest in the ESOP, sold Atrium's stock below fair market value to defendant Atrium Funding LLC, another company owned by Dejana. *Id.* ¶ 2. Effective July 1, 2012, Atrium terminated the ESOP, distributing benefits to the plan participants. Plaintiff

---

[1]Plaintiff Linda J. Kindle was voluntarily dismissed from the case on February 8, 2016. *See* Docket Entry ("DE") [100].

alleges that the participants "received less than the Fair Market Value of the Atrium stock in their individual ESOP accounts because the ESOP sold its stock to Atrium Funding for less than Fair Market Value." *Id.* ¶ 56.

Plaintiff commenced this action, denominating it as a "Class Action," for violations of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et. seq,* including breach of fiduciary duty under 29 U.S.C. §§ 1132 (a)(2) and (a)(3), and engaging in prohibited transactions under 29 U.S.C. §§ 1106 (a)-(b). The SAC seeks "to require Defendants to make good to the [ESOP] losses resulting from fiduciary violations, to restore to the [ESOP] any profits that have been made by the breaching fiduciaries and parties in interest through the use of [ESOP] assets, and to obtain other appropriate equitable and legal remedies." SAC ¶ 6.

Currently before the court is plaintiff's motion to certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. *See* DE [108]. The proposed class is defined as follows:

> all persons who were participants in the ESOP when Atrium terminated the ESOP effective July 1, 2012 and/or beneficiaries of such ESOP participants or at any time thereafter (hereinafter "Plaintiff Class"). Excluded from the Plaintiff Class are the individual Defendants and their immediate families; the officers and directors of Defendant Atrium Funding, Atrium and Dejana Affiliate Companies; and legal representatives, successors, and assigns of any such excluded persons.

SAC ¶ 58. Defendants do not oppose the motion. *See* DE [106]. For the reasons set forth herein, plaintiff's motion is granted.

**I.      Class Action Certification**

The standards for class action certification are set forth in Rule 23 of the Federal Rules of Civil Procedure. That rule provides that a class may be certified only if the four requirements of Rule 23(a), along with one of the requirements of Rule 23(b), are satisfied. Rule 23 requires that a "rigorous analysis" be conducted to ensure that class certification is appropriate. *See Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350-51, 131 S. Ct. 2541, 180 L.Ed.2d 374 (2011) (citing *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160-61, 102 S. Ct. 2364, 72 L.Ed.2d 740 (1982)). Moreover, the court "may not grant class certification without making a determination that all of the Rule 23 requirements are met. *In re IPO Sec. Litig.,* 471 F.3d 24, 40 (2d Cir. 2006); *see also Denney v. Deutsche Bank AG,* 443 F.3d 253, 270 (2d Cir. 2006) (noting that "[b]efore certification is proper for any purpose – settlement, litigation, or otherwise – a court must ensure that the requirements of Rule 23 (a) and (b) have been met"); *Douglin v. GreatBanc Trust Co.,* 115 F. Supp. 3d 404, 409 (S.D.N.Y. 2015) ("Even when unopposed, a motion for class certification must be evaluated on its merits." (citations omitted)).

**A.      Rule 23(a) Requirements**

Plaintiffs bear the burden of proving the four threshold requirements of Rule 23(a): (1) that the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) that there are questions of law or fact common to the class ("commonality"); (3) that the claims or defenses of the representative party are typical of the claims or defenses of the class ("typicality"), and (4) that the representative party will fairly and adequately represent the interests of the class ("adequacy of representation"). FED. R. CIV. P. 23(a)(1)-(4).

1. Numerosity

Under the numerosity requirement, plaintiffs must show that the class is so large in

number that joinder of all members is impracticable. Here, plaintiff's counsel represents that there are in excess of three hundred (300) members of the putative class. In this Circuit, numerosity is presumed where a putative class has forty or more members. *See, e.g., Shahriar v. Smith & Wollensky Rest. Grp., Inc.,* 659 F.3d 234, 252 (2d Cir. 2011) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995)). Thus the numerosity requirement is clearly met in this case.

    2. Commonality and Typicality

The requirements of commonality and typicality "tend to merge into one another, so that similar considerations" are analyzed for each. *Marisol A. v. Giuliani,* 126 F.3d 372, 376 (2d Cir. 1997). Indeed, "[t]he crux of both requirements is to ensure that 'maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Id.* (quoting *Falcon,* 457 U.S. at 157, n.13, 102 S.Ct. 2364).

The commonality requirement that there be common issues of law or fact affecting all class members "is considered a 'minimal burden for a party to shoulder,'" *Parker v. Time Warner Entmt. Co.,* 239 F.R.D. 318, 329 (E.D.N.Y. 2007) (quoting *Lewis Tree Serv. v, Lucent Techs. Inc.,* 211 F.R.D.228, 231 (S.D.N.Y. 2002)), and that burden is met "if plaintiff['s] grievances share a common question of law or of fact." *Robinson v. Metro-North Commuter R.R. Co.,* 267 F.3d 147, 155 (2d Cir. 2001) (quoting *Marisol A.,* 126 F.3d at 376). "In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of fiduciary duty affects all participants and beneficiaries." *In re Marsh ERISA Litig.,* 265 F.R.D. 128, 143 (S.D.N.Y. 2010). As to the requirement of typicality, "[w]hen it is alleged that

the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirements is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir.1993).

Plaintiff identifies several common issues of fact including whether defendants engaged in a prohibited transaction by allowing the ESOP to sell its Atrium stock to Atrium Funding, whether defendants breached their duty of prudence and/or loyalty under ERISA, and "the appropriate measure of injunctive relief, restitution, disgorgement, and/or damages" for those injuries. *See* SAC ¶ 59. As Plaintiff's allegations in this case arise from a common set of operative facts, the requirements of commonality and typicality are also satisfied.

3. Adequacy of Representation

The adequacy determination required by Rule 23(a)(4) requires "inquiry into whether: 1) plaintiff's interests are antagonistic to the interest of the other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 60 (2d Cir. 2000) (citing *In re Drexel Burnham Lambert Grp., Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) (internal quotations omitted)). Plaintiff has successfully addressed both inquiries.

Plaintiff's adequacy to act as class representative focuses "on uncovering conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L.Ed2d 689 (1997). Plaintiff Brewley has provided a declaration indicating that he is aware of his responsibilities as class representative, that he is prepared to fulfill those duties, and that he is actively participating in the litigation. *See*

Declaration of Michael Brewley, Feinberg Decl. Ex. 15, DE [108-15]; *see generally Leone v. Ashwood Fin., Inc.,* 257 F.R.D. 343, 352 (E.D.N.Y. 2009) (finding adequacy in light of plaintiff's "affidavit stating that she understands the responsibilities of a class representative and that she has knowledge of the facts"). Moreover, in light of the nature of the litigation, plaintiff and the putative class members will all benefit should the class action be successful. As the named plaintiff's interests are not antagonistic to the interests of the other class members, the Court finds plaintiff Brewley to be an adequate class representative.

The adequacy of plaintiff's counsel has also been established. The firms have submitted declarations setting forth their extensive experience in litigating complex class actions including ERISA matters. *See* Declaration of Daniel Feinberg ("Feinberg Decl."), ¶¶ 3-12, DE [108-1]; Declaration of Siri, ¶¶ 4-16, DE [108-17]. As counsel has demonstrated its qualifications and experience, neither of which is challenged by defendants, the firms may proceed as class co-counsel.

**B.      Rule 23(b) Requirements**

Once the requirements of Rule 23(a) are satisfied, plaintiff must establish that his proposed class action falls into one of the types of suits identified in Rule 23(b). The Court finds that plaintiff meets the requirements of Rule 23(b)(1).

Pursuant to Rule 23(b)(1), a class action may be maintained if

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

FED. R. CIV. P. 23(b)(1)(A)-(B). Cases involving breach of fiduciary duty affecting a large class of beneficiaries have been called "[c]lassic examples" of matters falling within Rule 23(b)(1). *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 833-34, 119 S. Ct. 2295, 144 L.Ed.2d 715 (1999); *see also In re Polaroid ERISA Litig.,* 240 F.R.D. 65, 78 (S.D.N.Y. 2006) (where in case alleging mismanagement of an ERISA Plan, court noted that "ERISA litigation of this nature presents a paradigmatic example of a [Rule 23](b)(1) class" (internal quotation and citation omitted)). The risk of inconsistent adjudications raised in Rule 23(b)(1)(A) "speaks directly to ERISA suits, because defendants have a statutory obligation, as well as a fiduciary responsibility, to treat the members of the class alike." *In re Citigroup Pension Plan ERISA Litig.,* 241 F.R.D. 172, 179 (S.D.N.Y. 2006) (internal quotation and citation omitted). Absent class certification, there is a legitimate risk that individual plaintiffs could obtain inconsistent dispositions resulting in incompatible standards of conduct for defendants, "precisely the problems Rule 23(b)(1) was intended to avoid." *In re Polaroid,* 240 F.R.D. at 78.

Additionally, "the structure of ERISA favors the principles enumerated under Rule 23(b)(1)(B), since the statute creates a 'shared' set of rights among the plan participants by imposing duties on the fiduciaries relative to the plan, and it even structures relief in terms of the plan and its accounts, rather than directly for the individual participants." *Douglin,* 115 F. Supp. 3d at 412 (citing *Ortiz,* 527 U.S. at 834, 119 S. Ct. 2295). Application of this section is also

7

appropriate as allowing individual actions would raise the risk of adjudicating the interests of non-parties. "A breach of fiduciary duty claim brought by one member of a retirement plan necessarily affects the rights of the rest of the plan members to assert that claim, as the plan member seeks recovery on behalf of the plan as an entity. Accordingly, by the very nature of the relief sought, the prosecution of separate actions would risk prejudice to putative class members." *In re AOL Time Warner ERISA Litig.,* 2006 WL 2789862, at *4 (S.D.N.Y. Sept. 27, 2006).

As the Court concludes that certification is appropriate under Rule 23(b)(1), a determination regarding the applicability of Rule 23(b)(2) or (3) is not necessary.

## III. Conclusion

Plaintiff's motion for class certification is granted. The Court appoints Brewley as class representative, and the firms of Feinberg, Jackson, Worthman & Wasow LLP and Siri & Glimstad LLP as class co-counsel.

SO ORDERED

                                                          s/
                                                       Sandra J. Feuerstein
                                                       United States District Judge

Dated: April 25, 2016
        Central Islip, New York