# EXHIBIT A

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X
                              :
LINDA J. KINDLE and            14-CIV-6784
MICHAEL BREWLEY,

              Plaintiffs,

                                US Courthouse
        -against-        :   Central Islip, NY

PETER DEJANA, WILLIAM WYNPERLE,
KAREN BOKOWSKI, ATRIUM MANAGEMENT,
JOHN SIPALA,, et al,

              Defendants.:   September 5, 2017
                                4:15 pm

10

- - - - - - - - - - - - X

11

12          TRANSCRIPT OF TRIAL
            BEFORE THE HONORABLE SANDRA J. FEUERSTEIN
            UNITED STATES DISTRICT JUDGE

13

APPEARANCES:

14   For the Plaintiffs:   SIRI & GLIMSTAD, LLP
                           200 Park Avenue - 17th Floor
15                         New York, New York 10166
                           BY:  MASON BARNEY, ESQ.

16
                           FEINBERG JACKSON WORTHMAN &WASOW
17                         384 4th Street - Suite 201
                           Oakland, California 94607
18                         BY:  DAN FEINBERG, ESQ.
                                TODD JACKSON, ESQ.

19

     For the Defense:      JOHN H. SNYDER, PLLC
20   Dejana, Wynperle      555 Fifth Avenue - Suite 1700
     Bokowoski, Atrium     New York, New York 10017
21                         BY:  JOHN H. SNYDER, ESQ.

22   Sipala,               SILLS CUMMIS & GROSS
     Saddle Creek          One Riverfront Plaza
23                         Newark, New Jersey 07102
                           BY:  MICHAEL J. GERAGHTY, ESQ.

24

25

2

```
1   Court Reporter:       Dominick M. Tursi, CM, CSR
                          US District Courthouse
2                         1180 Federal Plaza
                          Central Islip, New York 11722
3                         (631) 712-6108 Fax:  712-6124
                          DomTursi@email.com
4

5
                   Proceedings recorded by mechanical stenography.
6                      Transcript produced by computer.

7

8                               oOo

9           (After a recess, the following ensued.)

10          THE COURT:  Am I correct that you have something

11   to spread on the record?

12          MR. FEINBERG:  Yes, your Honor.

13          I thank you for your patience.

14          THE COURT:  Not at all.

15          MR. FEINBERG:  The parties would like to read

16   the terms of the settlement into the record.

17          THE COURT:  Slowly.

18          MR. FEINBERG:  Very slowly.

19          I'm going to recite these in numbered paragraphs

20   for the court reporter's convenience.

21          One.  Plaintiff will supply the court and

22   defendants with three to five names of business valuation

23   professionals who are (1) ASA certified and (2) never

24   hired by plaintiffs or any of plaintiffs' counsel.

25          Plaintiff will disclose in writing any prior
```

3

1    relationships or conflicts with respect to any of the

2    proposed neutrals.

3              THE COURT:  And contacts.

4              MR. FEINBERG:  And contacts.  Okay, your Honor.

5    Yes.

6              The only asterisk there is, it is possible I met

7    somebody years ago and forgot them.

8              THE COURT:  But that will be determined when the

9    contact is revealed.

10             MR. FEINBERG:  Yes.

11             MR. SNYDER:  Obviously, any time we refer to

12    plantiff, we are referring to plaintiff and counsel.

13             THE COURT:  Of course.

14             MR. FEINBERG:  The names will be supplied by

15    noon on Wednesday, September 6.

16             Defendants shall disclose in writing any prior

17    relationships, contacts, or conflicts with respect to any

18    of the proposed neutrals, and may object within 24 hours

19    (Thursday, September 7, at noon).  No objections after 24

20    hours.

21             Two.  The court will choose the candidates in

22    ranked order.  And the court's decision is binding on the

23    parties.

24             Three.  Neither party nor counsel shall

25    communicate with the proposed neutrals before appointment,

4

1    and there will be no ex parte communications with the

2    neutral after appointment.

3           Four.  The parties shall agree on and send an

4    initial letter to inquire about retaining the first-ranked

5    neutral selected by the court, within seven calendar days

6    of the court's selection.

7           Five.  If the top-ranked appraiser declines or

8    does did not respond within 14 calendar days, the parties

9    will ask the next-in-line neutral within seven calendar

10   days.

11          Six.  If the independent appraiser agrees to the

12   assignment, the court will appoint that person as Special

13   Master pursuant to Federal Rule of Civil Procedure 53.

14          Seven.  Plaintiffs and defendants shall split

15   the costs of the Special Master 50/50.

16          Eight.  Within 15 calendar days of appointment

17   of the Special Master, the parties shall submit position

18   letters to the Special Master, copy the other side, with a

19   15-page limit (double spaced).

20          The parties may submit proposed trial exhibits,

21   depositions in this case, or any filing on the court's ECF

22   for this case.

23          Nine.  The parties, within 15 calendar days,

24   shall supply the Special Master with any other documents

25   he or she may request.

5

1         Ten.  Upon issuance of the Special Masters's

2 report, if the valuation of Atrium is more than

3 $4,220,000, defendants shall deposit the difference plus 5

4 percent simple interest per annum prejudgment interest

5 running from December 30, 2011, until the funds are

6 deposited in escrow in the client trust account (client

7 escrow) of the law firm Feinberg Jackson Worthman & Wasow.

8         Defendants shall have 30 days from the date of

9 the Special Master's report to deposit the funds in

10 escrow.

11         Eleven.  Within 14 calendar days from receipt of

12 the Special Master's report, plaintiff may apply for fees,

13 costs, disbursements, and any service award.  Defendant

14 may oppose within seven calendar days, and plaintiff may

15 reply within seven calendar days.

16         The parties shall jointly request a hearing date

17 that is within 14 calendar days of the fee petition being

18 fully briefed.  Upon receipt of the court's decision on

19 the fee petition, within seven calendar days the defendant

20 shall place the fees, costs, disbursements, and service

21 award amounts into escrow.

22         Twelve.  Within seven calendar days of deposit

23 in escrow of all amounts, if any, required by paragraphs

24 10 and 11, Mr. Sipala and Saddle Creek will be dismissed

25 without prejudice.

6

1        Thirteen.  Within 14 calendar days of deposit of

2   all amounts due under paragraphs 10 and 11, if any, into

3   escrow, plaintiff shall move on behalf of the class for

4   preliminary approval of the class settlement.

5        Fourteen.  Upon class settlement becoming final,

6   Mr. Sipala will be dismissed with prejudice as part of the

7   final order approving the class settlement.

8        That is the total of our agreement, your Honor.

9        THE COURT:  Does plaintiffs' counsel agree with

10   this stipulation?

11        MR. FEINBERG:  Yes, plaintiff's counsel agrees

12   with this settlement, your Honor.

13        THE COURT:  Mr. Snyder?

14        MR. SNYDER:  Yes, the Dejana parties agree with

15   this settlement as well, your Honor.

16        THE COURT:  And Mr. Sipala and Saddle Creek

17   agree as well?

18        MR. GERAGHTY:  Saddle Creek LLP and Mr. John

19   Sipala are in agreement.

20        THE COURT:  All right.  The stipulation is

21   spread on the record and we will proceed according to its

22   terms.

23        MR. FEINBERG:  Thank you, your Honor.

24        THE COURT:  I will do so, as well.

25        MR. SNYDER:  Thank you for your assistance.

7

1          THE COURT:  Thank you.

2               (Proceedings adjourned at 4:35 pm.)

3

4                    CERTIFICATE OF COURT REPORTER

5      I certify that the foregoing is a correct transcript from
       the record of proceedings in the above-entitled matter.

6

7

8                        _____
                         Dominick M. Tursi, CM, CSR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25